UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ACOSTA,

        Plaintiff,

        v.

ALEUTIAN SPRAY FISHERIES, INC., and/or
SIBERIAN SEA FISHERIES, LLC,

        Defendant.

CASE NO. C08-1139RSM

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court for consideration of defendants' motion for partial summary judgment on plaintiff's Jones Act and unseaworthiness claims. Dkt. # 15. In response to the motion, plaintiff has withdrawn his unseaworthiness claim, but has opposed summary judgment as to his Jones Act negligence claim. After careful consideration of the record and the parties' memoranda, the Court has determined that the motion for summary judgment on the Jones Act claim must be denied.

## BACKGROUND

Plaintiff David Acosta filed this action pursuant to the Jones Act, 46 U.S.C.§ 30104, and general maritime law, claiming that he was injured in the course of his employment as a seaman. Plaintiff was employed aboard defendant's vessel the *F/V Siberian Sea*. When his injury occurred, in September 2007, plaintiff was not aboard the vessel; he was working on a forklift in a warehouse located about two hundred to three hundred yards from the dock where the vessel was moored. Plaintiff was the assistant

ORDER - 1

deck boss aboard the *F/V Siberian Sea* and it was part of his duties to retrieve "fiber"—pallets loaded with bundles of paper bags—from the warehouse to resupply the vessel. In the warehouse, plaintiff picked up one pallet with the forklift but noticed that the pallet itself was broken, so he set it down and then began moving the bundles of fiber from the broken pallet to a sound one by hand. While he was off the forklift moving the bundles by hand, the top pallet from the stack behind the one he had moved fell upon him, causing injury to his back.

Plaintiff asserts in his Jones Act claim that his injury was caused by the negligence of his employer. The Jones Act, originally enacted as 46 U.S.C. § 688, provides that "a seaman injured in the course of his employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employees apply to an action under this section." 46 U.S.C.§ 30104(a). There is no dispute over the fact that plaintiff was a seaman within the meaning of the Jones Act on the date he was injured. In order to prevail on his negligence claim under the Jones Act, plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant was negligent, and that such negligence was the cause, however slight, of his injury. *In re Hechinger*, 890 F. 2d 202, 208 (9th Cir. 1989); *cert. denied*, 498 U.S. 848 (1990).

Defendants have moved for summary judgment on the basis that plaintiff cannot establish any negligent act on their part, as the warehouse where the injury occurred was not owned or controlled by defendants, and no employee of defendants stacked the pallets of fiber and thereby created the dangerous condition. In response, plaintiff asserts that regardless of who created the dangerous condition, defendants had a non-delegable duty to provide a safe place to work, including the duty to inspect the warehouse, as the premises of a third party where seamen were sent to work. Defendants contend in reply that to the extent a dangerous condition existed in the warehouse, plaintiff himself was responsible for performing the inspection, as he was the assistant deck boss and in charge of supervising work during the loading of supplies. Defendants argue that plaintiff is thus barred from recovery under the primary duty doctrine.

ORDER - 2

## ANALYSIS

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." *Holley v. Crank*, 386 F.3d 1248, 1255 (9th Cir.2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir.1987).

Under the Jones Act, an employer of a seaman owes that seaman a duty to provide him with a safe place to work. This duty includes providing a safe place to work on the premises of a third party over whom the employer has no control, if that is where the seaman's employer sends him to work. *Rabitzki v. Canmar Reading &Bates, Ltd. Partnership*, 111 F. 3d 658, 662 (9th Cir. 1996), *citing Davis v. Hill Engineering, Inc.,* 549 F. 2d 314, 329 (5th Cir. 1977). However, the employer is only liable if the employer or its agents "either *knew* or *should have known* of the dangerous condition." *Id*., at 663 (emphasis in original). "This implies a duty of reasonable inspection, and this duty extends to an employer who sends employees to work aboard a third party's vessel." *Id*. The same duty would extend to plaintiff's work in the warehouse, where he was sent to work by defendant.

Defendant argues that because plaintiff was himself the person who should have inspected the warehouse for unsafe conditions, his Jones Act claim is barred by the primary duty doctrine. Under the primary duty rule, "a seaman-employee may not recover from his employer for injuries caused by his own failure to perform a duty imposed on him by his employment." *Bernard v. Maersk Lines, Ltd*., 22 F.3d 903, 905 (9th Cir.1994) (internal citation and quotation omitted). Generally, this doctrine is applied only to vessel officers and not to unlicensed seamen. *Villers Seafood Co., Inc. v. Vest*, 813 F.2d 339, 342, 1987 A.M.C. 1850 (11th Cir.1987); *White v. Maritime Overseas Corp.*, 1989 A.M.C. 2070 (Cal.App.1989); 1 T. Schoenbaum, *Admiralty and Maritime Law* § 6-24 at 330 (2d ed.1994)

As the Ninth Circuit explained in *Bernard*,

This result turns really not upon any question of 'proximate cause,' 'assumption of risk'

ORDER - 3

or 'contributory negligence,' but rather upon the employer's independent right to recover against the employee for the non-performance of a duty resulting in damage to the employer, which in effect offsets the employee's right to recover against the employer for failure to provide a safe place to work.... In applying the "primary duty" rule, the important thing ... is to distinguish between the duty to avoid contributory negligence, which the law imposes upon the injured person, regardless of any conscious assumption of a duty towards the wrongdoer, and a duty which the injured person has consciously assumed as a term of his employment.... Only the second is a bar to any recovery under the Jones Act.

22 F.3d at 905-06 (internal citations and quotations omitted). The Bernard court also described three principles limiting the primary duty doctrine:

First, the "primary duty" rule will not bar a claim of injury arising from the breach of a duty that the plaintiff did not consciously assume as a term of his employment. Second, the rule does not apply where a seaman is injured by a dangerous condition that he did not create and, in the proper exercise of his employment duties, could not have controlled or eliminated. Third, the rule applies only to a knowing violation of a duty consciously assumed as a term of employment. It does not apply to a momentary lapse of care by an otherwise careful seaman.

*Id*. at 907.

The declarations and depositions filed by the parties demonstrate that there are issues of fact regarding who created the dangerous condition in the warehouse, whether plaintiff was the person responsible for inspecting the conditions in the warehouse before starting work there, and if so, whether he could have discovered by inspection that the area around the stacked pallets was not safe. There is also an issue of fact concerning whether plaintiff himself caused the pallets to fall by his actions, and whether this was a "momentary lapse of care" by an otherwise careful seaman. These are matters which must be determined by the trier of fact.

According, defendants' motion for partial summary judgment is GRANTED as to the claim of unseaworthiness, and DENIED as to the Jones Act claim.

Dated this 2nd day of July, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4